IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE B. ADAMS, individually
and *dba* JMS BOTTOM OF THE
FIFTH SPORTS BAR,

      Plaintiff,                                Case No. Civ S-11-01360-KJM-EFB

      vs.

JAMES TRIMBLE, Chief, Benicia Police
Department, et al.,

      Defendants.                              ORDER

/

          This matter comes before the court upon defendants' motion to dismiss plaintiff's complaint, filed on June 13, 2011. Defs.' Mot. Dismiss, ECF No. 7. The court held a hearing on this motion on July 27, 2011. Plaintiff was represented by John Baumgardner and Daniel Russo; defendants were represented by Gregg Thornton.

          For the following reasons, the court GRANTS defendants' motion.

I.       FACTS AND PROCEDURAL HISTORY

          On May 19, 2011, plaintiff filed a complaint alleging violations of the First, Fifth and Fourteenth Amendments to the United States Constitution. Compl., ECF No. 2. Plaintiff's federal complaint is similar to a lawsuit filed in state court in 2007. Req. for Judicial Notice Ex.

1

1  B, ECF No. 9-1. The state trial court dismissed some of plaintiff's causes of action for violating
2  California's Strategic Lawsuits Against Public Participation (SLAPP) law, which is codified at
3  Section 425.16 of the California Code of Civil Procedure. *Id.* Ex. E, ECF No. 9-2. Defendants
4  appealed the trial court's decision not to dismiss the remaining claims under California's anti-
5  SLAPP statute. *Id*. Ex. G, ECF No. 9-3. Plaintiff cross-appealed the portion of the trial court's
6  decision that dismissed some of plaintiff's causes of action. *Id.* Ex. H.  The California Court of
7  Appeal sided with defendants, concluding that defendants' anti-SLAPP motion "should have
8  been granted in its entirety" by the state trial court. *Id.* Ex. I at 1. The state court subsequently
9  dismissed plaintiff's state complaint with prejudice. *Id.* Ex. M at 2:20–21.  Following
10 unsuccessful appeals to the state supreme court, *id.* Ex. J, and to the U.S. Supreme Court, *id.* Ex.
11 K, plaintiff filed the instant action.
12         The instant complaint alleges that plaintiff's First Amendment rights to comment
13 publicly on the conduct of public officials and to petition the government for redress of
14 grievances were infringed when defendants sent a letter to the California Department of
15 Alcoholic Beverage Control (ABC) recommending restrictions on the operating hours of
16 plaintiff's bar. Compl. ¶ 24a. Plaintiff also asserts defendants' "repeated harassment of
17 Plaintiff's patrons and his establishment" amounted to unconstitutional retaliation against
18 plaintiff for the public comments plaintiff made about defendants' behavior near plaintiff's bar.
19 *Id.* ¶ 24b. Additionally, plaintiff alleges defendants violated plaintiff's due process rights by
20 interfering with plaintiff's plans to sell his bar. *Id.* ¶ 24c–d.
21         Plaintiff's second cause of action alleges defendants "made an agreement to
22 violate Plaintiff's First and Fourteenth Amendment rights" in violation of 42 U.S.C. § 1983. *Id.*
23 ¶ 27, ECF No. 2. However, 42 U.S.C. § 1983 does not create a private right of action to sue
24 multiple parties who agree to violate another person's constitutional rights. Thus, the court
25 construes this second cause of action as a claim for conspiracy to violate constitutional rights in
26 violation of 42 U.S.C. § 1985. *See* 42 U.S.C. § 1985(3) ("If two or more persons in any State or

Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.").

Plaintiff's third and final cause of action charges the City of Benicia and its police chief, James Trimble, with liability under *Monell v. Department of Social Services*, which held that a municipality may be sued for allegedly unconstitutional action that "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." 436 U.S. 658, 690 (1978). According to plaintiff's complaint, the City of Benicia and James Trimble "fail[ed] to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of" allegedly unconstitutional actions by Benicia police. Compl. ¶ 31.  As such, plaintiff alleges that defendants are liable for "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell*, 436 U.S. at 690–91.

On June 13, 2011, defendants filed a motion to dismiss plaintiff's entire complaint for failure to state a claim upon which relief can be granted. Defs.' Mot. to Dismiss 1:24–2:4, ECF No. 7. Defendants base their argument for dismissal on three primary theories: (1) expiration of the applicable statute of limitations, (2) claim preclusion, and (3) issue preclusion. *Id.* at 2:5–12. Defendants alternatively move to dismiss plaintiff's causes of action brought under the First, Fifth and Fourteenth Amendments for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 2:13–18. Defendants argue that plaintiff's claim of *Monell* liability should be dismissed for lack of an underlying constitutional violation. *Id.* at 2:19–22. Finally, defendants James Trimble and John McFadden argue they are protected from plaintiff's claims by the doctrine of qualified immunity. *Id.* at 2:23–25.

3

Plaintiff filed his opposition to defendants' motion on July 11, 2011. Opp'n, ECF No. 13. On July 19th, defendants submitted their reply to plaintiff's opposition. Reply, ECF No. 15.

II.   DISCUSSION

    A.   Legal Standard for Motion to Dismiss

As noted above, defendants move to dismiss based primarily on grounds that the statute of limitations has run on plaintiff's claims, and that the claims are barred by the doctrines of claim- and issue-preclusion. Mot. to Dismiss at 2:5–12, ECF No. 7. These affirmative defenses may be raised in a motion to dismiss "when, as here, the defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (citations omitted); *see also* 5 Charles Alan Wright et al., *Federal Practice & Procedure* § 1277 (3d ed. 2011).

In the instant case, the parties do not dispute that they litigated a nearly identical case in California state court. Indeed, plaintiff admits as much at the outset in his opposition to defendants' motion to dismiss. *See* Opp'n at 2:2–3:16. Accordingly, there is no required factual inquiry that would bar reaching the merits of defendant's motion under Federal Rule of Civil Procedure 12(b)(6).

    B.   Request for Judicial Notice

A court's consideration of matters of judicial notice or of material incorporated by reference into a complaint will not necessarily convert a motion to dismiss into a motion for summary judgment. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials–documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice–without converting the motion to dismiss into a motion for summary judgment."). Under this doctrine, courts may take judicial notice of adjudicative facts that are "'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.'" *Id.* at 909 (quoting FED. R. EVID. 201(b)(2)). In a preclusion context, a federal court may "[take] judicial notice of a state

4

court decision and the briefs filed in that court to determine if an issue was raised and decided by the state court for res judicata purposes." *Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1037 (9th Cir. 2005); *see also Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of a California Court of Appeal opinion "and the briefs filed in that proceeding and in the trial court" for the purposes of ruling on issue preclusion).

The court finds that the materials accompanying defendants' request for judicial notice are encompassed by the rule articulated in *Manufactured Home Communities Inc.* All of the exhibits covered by defendants' request for judicial notice are court documents of one type or another. *See* Req. for Judicial Notice, ECF No. 9. As such, the accuracy of their contents cannot be reasonably questioned, nor does plaintiff make any effort to question their authenticity. *See Ritchie*, 342 F.3d at 909; Opp'n at 1:22–27 (summarizing plaintiff's arguments against defendants' motion to dismiss). In addition, the materials are "helpful for examining the claims litigated in state court," *Manufactured Home Cmtys. Inc.*, 420 F.3d at 1037, and are essential for the court to make a reasoned judgment about the claim-preclusive effects of plaintiff's state case.

Accordingly, the court takes judicial notice of the state proceedings that resulted in dismissal of plaintiff's original state complaint.

C.  California's Anti-SLAPP Procedure

When a California court considers an anti-SLAPP motion, "[t]he court's consideration of the defendant's evidence is limited to determining whether it defeats plaintiff's showing as a matter of law. The trial court does not weigh the evidence or make credibility determinations." *Midland Pac. Bldg. Corp. v. King*, 157 Cal. App. 4th 264, 271 (2007); *see also Bulletin Displays, LLC v. Regency Outdoor Adver., Inc.*, 448 F. Supp. 2d 1172, 1179 (C.D. Cal. 2006) ("[T]he court must consider the pleadings, and supporting and opposing affidavits stating the facts on which the liability or defense is based." (citation omitted)). If the trial court finds that a prima facie showing of violation of the anti-SLAPP statute has been made, "the burden shifts to the plaintiff to demonstrate a probability that the opposing party will prevail on the

5

claim." *Bulletin Displays, LLC*, 448 F. Supp. 2d at 1179 (citation omitted). This burden is satisfied if the plaintiff demonstrates that its complaint is "legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Id.* (quoting *Metabolife, Int'l, Inc. v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001)).

Thus, the burden of proof the trial court must apply is "much like that used in determining a motion for nonsuit or directed verdict, which mandates that no reasonable jury could find for the plaintiff." *Id.* (citation omitted). Other courts have found the anti-SLAPP motion analysis to be similar—if not identical—to that used in deciding a motion for summary judgment. *See Schoendorf v. U.D. Registry, Inc.*, 97 Cal. App. 4th 227, 236 (2002) (noting that "with the requirement that the court consider the pleadings and affidavits of the parties, the [anti-SLAPP motion] test is similar to the standard applied to evidentiary showings in summary judgment motions"); *Colt v. Freedom Commc'ns, Inc.*, 109 Cal. App. 4th 1551, 1557 (2003) ("To determine whether plaintiff has met this burden [of showing facts sufficient to sustain a favorable judgment in response to an anti-SLAPP motion], the test is the same as for a motion for summary judgment."); *Varian Med. Sys. v. Delfino*, 35 Cal. 4th 180, 192 (2005) (stating that California's anti-SLAPP statute "establishes a procedure where the trial court evaluates the merits of the lawsuit using a summary judgment-like procedure at an early stage of the litigation").

D.   Claim Preclusion

i.   Legal Standard

The court applies California's law on claim preclusion to cases brought in federal court under 42 U.S.C. § 1983.[1] "Congress has specifically required all federal courts to give

---

[1] In California, the doctrine of res judicata "'has a double aspect.'" *People v. Barragan*, 32 Cal. 4th 236, 252 (2004) (citing *Todhunter v. Smith*, 219 Cal. 690, 695 (1934)). In the present case, the court is only concerned with the first aspect of the doctrine, claim preclusion. Claim preclusion "operates as a bar to the maintenance of a second suit between the same parties on the

6

preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen v. McCurry*, 449 U.S. 90, 96 (1980) (holding that preclusion principles apply to claims brought in federal court under 42 U.S.C. § 1983); *see also Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481–82 (1982) ("It has long been established that Section 1738[2] does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken."); *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.").

Under California law, claim preclusion bars a subsequent suit if "(1) [a] claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." *People v. Barragan*, 32 Cal. 4th 236, 253 (2004) (citing *Brinton v. Bankers Pension Svcs., Inc.*, 76 Cal. App. 4th 550, 556 (1999)); *see also Brother Records, Inc. v. Jardine*, 432 F.3d 939, 943 (9th Cir. 2005) ("In California, a judgment has res judicata effect on another case if: (1) the issues decided in the prior case were or could have been raised in the subsequent case;

---

same cause of action." *Id.* (citation omitted; internal quotation marks omitted). Issue preclusion, the second aspect of California's res judicata doctrine, is separate from claim preclusion and does not impact the court's opinion here because in this case plaintiff has brought claims identical to his previous action. As such, the court is not faced with the scenario of examining whether a different cause of action based on the same operative facts should be precluded. *See Murray v. Alaska Airlines, Inc*., 50 Cal. 4th 860, 867 (2010) ("Collateral estoppel . . . involves a second action between the same parties on a different cause of action. The first action is not a complete merger or bar, but operates as an estoppel or conclusive adjudication as to such issues in the second action which were actually litigated and determined in the first action.").

[2] 28 U.S.C. § 1738 provides, in part: "Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

(2) there was final judgment on the merits; and (3) the party against whom the res judicata plea was asserted was a party in the prior case." (citing *Bernhard v. Bank of Am. Nat'l Trust & Sav. Assoc.*, 19 Cal. 2d 807, 813 (1942))).

Thus, in California, "a final judgment precludes further proceedings if they are based on the same cause of action." *Maldonado v. Harris*, 370 F.3d 945, 952 (9th Cir. 2004) (citing *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1438 (9th Cir. 1985)). A subsequent proceeding is based on the same cause of action when it grows out of a violation of the plaintiff's same primary right, which "is simply the plaintiff's right to be free from the particular injury suffered." *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 904 (2002) (quoting *Crowley v. Katleman*, 8 Cal. 4th 666, 681 (1994)). Under this long-followed theory of California law, "a 'cause of action' is composed of a 'primary right' of the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by the defendant constituting a breach of that duty." *Crowley*, 8 Cal. 4th at 681 (citing *McKee v. Dodd*, 152 Cal. 637, 641 (1908)). Put another way, "the single most important factor in determining whether a single course of conduct has violated more than one primary right is whether plaintiff suffered injury to more than one interest." *L.A. Branch NAACP v. L.A. Unified Sch. Dist.*, 750 F.2d 731, 738 (9th Cir. 1984).

      ii.    Analysis

          a.    Present and Prior Proceedings on the Same Causes of Action

Plaintiff does not appear to dispute that this case and its state counterpart are based on the same causes of action. In the instant case, plaintiff asks for relief from what he claims is unlawful harassment of his patrons and unconstitutional interference with his right to sell his bar. Specifically, plaintiff's federal complaint claims that defendants violated plaintiff's right to be free from retaliation for criticizing government figures and for petitioning the government for redress of grievances when defendants "submitted undue restrictions on [plaintiff's] business hours." *Id.* ¶¶ 24a, b. Plaintiff's state complaint mirrors these federal claims almost exactly. Req. for Judicial Notice Ex. B ¶¶ 24a, b, ECF No. 9-1.

8

Additionally, plaintiff complains his due process rights were violated when defendants "deprived Plaintiff of the proceeds of the sale of" his bar by restricting the business hours. Compl. ¶ 24c. Plaintiff's state complaint contains the same allegation, and is based on the same claimed "right not to be deprived of life or liberty without due process of law." Req. for Judicial Notice Ex. B ¶ 24c, ECF No. 9-1. Plaintiff's allegation that his due process rights were ignored when defendants "deprived Plaintiff of the business goodwill" of his bar, Compl. ¶ 24d, is also echoed in the state complaint. Req. for Judicial Notice Ex. B ¶ 24d, ECF No. 9-1. Plainly, each of plaintiff's constitutional causes of action before this court allege the same violations of plaintiff's primary rights as in state court. Furthermore, plaintiff claims these violations were caused by the same actions undertaken by defendants. A "plaintiff's right to be free from the particular injury suffered" at the state level does not change simply because the right is subsequently re-pled in federal court. *Mycogen Corp.*, 28 Cal. 4th at 904.

Plaintiff's second cause of action for conspiracy also is based on the same primary right as the conspiracy claim brought in state court. In both complaints, plaintiff claims defendants "made an agreement to violate Plaintiff's First and Fourteenth Amendment rights to be free from retaliation . . . , to petition the government for redress of his grievances, and from seizure of his liberty and property interests without due process of law." Compl. ¶ 27; Req. for Judicial Notice Ex. B ¶ 27.  Both complaints also allege defendants committed an "overt act in furtherance of the conspiracy" by sending a letter to the ABC recommending restricted operating hours for plaintiff's bar. Compl. ¶ 27; ECF No. 2; Req. for Judicial Notice Ex. B ¶ 27. Because the exact same harm is alleged to have been caused by defendants' actions, the same primary right must be implicated in plaintiff's state and federal due process claims. At both the state and federal levels, the same right to be free from conspiracy to violate constitutional rights was allegedly abridged by the same "wrongful act by the defendant[s]." *Crowley*, 8 Cal. 4th at 681.

/////

/////

Finally, the court finds that plaintiff's claims with respect to *Monell* liability also satisfy California's primary rights test. In its federal complaint, plaintiff contends that defendants' refusal to stop Benicia police officers' allegedly unconstitutional acts "demonstrates ratification of the Defendant Officers' unconstitutional acts, as well as the existence of an informal custom or policy which tolerates and promotes the continued deprivation of First, Fourth, Fifth and Fourteenth Amendment rights." Compl. ¶ 31. This exact language is mirrored in plaintiff's state complaint, and so pertains to the same cause of action. Req. for Judicial Notice Ex. B ¶ 31, ECF No. 9-1. Furthermore, in the *Monell* liability section of both complaints, plaintiff argues that defendants' actions "are the direct and proximate result of the deliberate indifference and policy and/or practice of Defendants." Compl. ¶ 38; Req. for Judicial Notice Ex. B ¶ 32, ECF No. 9-1.

Plaintiff's federal complaint does go on to lodge additional allegations against defendants that are not reflected directly in his state complaint. For example, plaintiff's federal complaint alleges defendants "had a widespread pattern and practice . . . to detain bar patrons without probable cause . . . with the express purpose of closing Plaintiff's bar permanently." Compl. ¶ 32. The federal complaint also claims "[t]he CITY encouraged TRIMBLE to write the letter to the Department of Alcoholic Beverage Control unduly restricting its hours of operation as part of its custom and widespread pattern and practice of depriving [plaintiff] of his Fourteenth Amendment right to his property interest." *Id.* ¶ 37. Neither of these claims are made expressly in plaintiff's state complaint. *See* Req. for Judicial Notice Ex. B at 7:15–8:20, ECF No. 9-1.

Nonetheless, though the language used in the *Monell* liability section of plaintiff's federal complaint is somewhat different from that employed in the state complaint, the gravamen of these sections is substantially the same. Saying in the federal complaint that defendants attempted to force the closure of plaintiff's bar, is but a different way of saying defendants allegedly interfered with plaintiff's "Fifth and Fourteenth Amendment rights" not to be deprived

10

of his property without due process. Req. for Judicial Notice Ex. B ¶ 31, ECF No. 9-1. This conclusion holds true regardless of whether plaintiff could have recovered indirectly from municipal figures under a *Monell* liability theory or directly from the actors themselves under a traditional 42 U.S.C. § 1983 claim. *See L.A. Branch NAACP*, 750 F.2d at 737 ("California's rule . . . does not mean that different causes of action are involved just because relief may be obtained under either state or federal law, or under either of two legal theories."). The same reasoning applies also to plaintiff's allegations that the City of Benicia encouraged Chief Trimble to write a letter to the ABC in violation of plaintiff's "Fourteenth Amendment right to his property interest" in both the pending bar sale and plaintiff's business goodwill. Compl. ¶ 37. Whether plaintiff claims to have been harmed under 42 U.S.C. § 1983, *see* Req. for Judicial Notice Ex. B ¶¶ 24c–d, ECF No. 9-1, or under a theory of *Monell* liability, *see* Compl. ¶ 37, the same primary right is at stake. *See L.A. Branch NAACP*, 750 F.2d at 737.

      b.  Final Judgment on the Merits

    The court finds the state court decision on defendant's anti-SLAPP motion was final and on the merits, as discussed below.  The ultimate disposition of the case at the state level was dismissal with prejudice. Req. for Judicial Notice Ex. M, at 2:20–21, ECF No. 9-1. Under California law, a dismissal with prejudice "will . . . operate as a bar to any future action on the same subject matter." Eileen C. Moore & Michael P. Thomas, *California Civil Practice Procedure* § 22.95 (2011); *see also Johnson v. Cnty. of Fresno*, 111 Cal. App. 4th 1087, 1095 (2003) ("dismissal with prejudice bars a subsequent action on the same claim between the parties and their privies. And a consequent judgment of dismissal is a final judgment on the merits, entitled to res judicata effect.").

    Other courts in the Ninth Circuit have held that a state court's dismissal of 42 U.S.C. § 1983 claims under California's anti-SLAPP statute is an adjudication on the merits. *See Finander v. Eskanos & Adler*, 255 F. App'x 192, 192, 2007 WL 4142979 (9th Cir. Nov. 20, 2007) (holding that "[t]he district court properly dismissed the [plaintiffs'] action on the basis of

11

res judicata because it involved the same claims and parties as a prior state court action that was dismissed on the merits under the [SLAPP] laws."); *Ex rel. Crawford v. Cnty. of Solano*, No. 2:10-CV-02091 JAM EFB, 2010 WL 5478294, at *4 (E.D. Cal. Dec. 30, 2010) ("The Superior Court order granting Defendants' anti-SLAPP motion was a final determination of the rights of the parties based on the merits."); *Davis v. Elec. Arts, Inc.*, No. C-10-03328 RS (DMR), 2011 WL 2621626, at *4 (N.D. Cal. July 5, 2011) ("Assuming that EA is able to meet its initial burden of establishing that the challenged causes of action arise from protected speech activity, the Court necessarily must engage in some factual evaluation at the second step of the anti-SLAPP process in order to determine whether Plaintiffs have demonstrated a probability of prevailing on their claims."). California courts also echo the Ninth Circuit's reasoning that a state court's dismissal of a complaint under the state's anti-SLAPP statute "contemplates consideration of the substantive merits of the plaintiff's complaint." *Traditional Cat Ass'n, Inc. v. Gilbreath*, 118 Cal. App. 4th 392, 398 (2004); *see also No Doubt v. Activision Publ'g, Inc.*, 192 Cal. App. 4th 1018, 1026 (2011) (noting that a trial court ruling on an anti-SLAPP motion "consider[s] the substantive merits of the plaintiff's claims").

        Plaintiff cites to *Batzel v. Smith*, 333 F.3d 1018, 1025 (9th Cir. 2003), which could be read to support the opposite proposition that a state trial court's adjudication of an anti-SLAPP motion does not address a case's merits. *Id.* at 1025 (noting that "denial of an anti-SLAPP motion resolves a question separate from the merits in that it merely finds that such merits may exist, without evaluating whether the plaintiff's claims will succeed"). However, *Batzel* is distinguishable from the instant case. In *Batzel*, the Ninth Circuit decided whether "a district court's *denial* of an anti-SLAPP motion is an immediately appealable 'final decision' under 28 U.S.C. § 1291." *Id.* at 1024 (emphasis added). The court today decides a different question dealing not with the denial of an anti-SLAPP motion, but with the granting of such a motion. A court denying an anti-SLAPP motion indicates that "merits may exist" in a plaintiff's case, and *Batzel* is clear authority for the proposition that a court making such a finding does not

ultimately determine the case's merits. *Id.* at 1025. A court *granting* an anti-SLAPP motion, however, must necessarily conclude that a plaintiff's case is without merit. *See id.* ("The purpose of an anti-SLAPP motion is to determine whether the defendant is being forced to defend against a meritless claim."). While it is possible for a court to decide that a case *may* have merit without examining those merits too closely themselves, it is impossible for a court to decide a case has no merit at all without examining the case on the merits. A state case thrown out as the result of an anti-SLAPP motion, therefore, has been fully adjudicated because the state court granting the anti-SLAPP motion necessarily determined the case had no merit.

In this case, California's First Appellate District examined the merits of plaintiff's original complaint when it ruled plaintiff had failed to establish a probability of prevailing on his federal claims. Req. for Judicial Notice Ex. I, ECF No. 9-3. The court first analyzed the multiple causes of action alleged by plaintiff, determining that California's anti-SLAPP statute applied to each of them. *Id.* at 7–12. The court went on to review in detail the contents of the declarations submitted by both parties in response to defendants' anti-SLAPP motion. *Id.* at 12–14. With respect to plaintiff's first cause of action for deprivation of its First Amendment rights, the court noted that plaintiff provided "no evidence in the record disputing" defendants' evidence showing they restricted plaintiff's operating hours because of the Benicia Police Department's "frequent, long-standing and repetitive problems experienced" with the bar. *Id.* at 14 (internal quotation marks omitted). The court found that plaintiff's Fourteenth Amendment claims suffered from the same lack of evidentiary support. *Id.* at 15 (noting that plaintiff's statements regarding harm to business goodwill "are mere *allegations*; they are not admissible *evidence*, and therefore cannot be used to demonstrate a possibility of prevailing" on plaintiff's underlying claims).

Moving on to plaintiff's conspiracy claims, the court ruled that "[p]laintiff has not produced legally sufficient evidence showing Trimble and McFadden concurred in a tortious scheme to injure him." *Id.* at 16. The panel then analyzed the evidence in plaintiff's state complaint, finding that "the record contains no evidence that any discussion or meeting took

1 place between [defendants], and no other facts from which an inference can be drawn that they
2 worked together to violate plaintiff's rights." *Id.* As it did for plaintiff's first cause of action, the
3 state appeals court clearly found the evidence supporting these conspiracy claims to be
4 inadequate. In other words, the state court found plaintiff's complaint meritless. Because the
5 purpose of California's anti-SLAPP procedure "is to determine whether the defendant is being
6 forced to defend against a meritless claim," the appeals court necessarily examined the merits of
7 the complaint when it rejected plaintiff's constitutional allegations. *Batzel*, 333 F.3d at 1025.

8  With respect to plaintiff's claims of *Monell* liability, the state court reasoned that
9 plaintiff's inability to defeat the anti-SLAPP motion targeting his constitutional claims meant
10 that the City of Benicia could not be exposed to liability under *Monell*. Req. for Judicial Notice
11 Ex. I, at 17, ECF No. 9-3 ("Because plaintiff has failed to show a probability of prevailing on his
12 claims that defendants violated his constitutional rights, he also cannot show a probability of
13 prevailing on a claim that the City was 'deliberate[ly] indifferen[t]' to those violations."
14 (brackets in original)). The court thus dismissed plaintiff's *Monell* claim, which was predicated
15 on defendants' alleged mistreatment of plaintiff's customers, because "plaintiff has no standing
16 to assert a *Monell* cause of action on behalf of bar patrons." *Id.* Just as it did for plaintiff's first
17 two federal causes of action, the state appeals court adjudicated the merits of plaintiff's claim by
18 rejecting its *Monell* argument.

19  c. Identity or Privity of Parties

20  The final element of California's claim preclusion rules - identity of parties
21 against whom claim preclusion is asserted - is not disputed by plaintiff. Plaintiff obviously
22 occupies the same position in both suits. *See* Compl. ¶¶ 1-2; Req. for Judicial Notice Ex. B
23 ¶¶ 1-2, ECF No. 9-3. Defendants are the parties invoking claim preclusion against plaintiff, and
24 all the defendants named in plaintiff's federal complaint were also named in plaintiff's state
25 complaint. *See* Compl. ¶¶ 3–6; Req. for Judicial Notice Ex. B ¶¶ 3–6, ECF No. 9-3.

26

14

1    There is some variation between the defendants named in specific causes of
2 action in plaintiff's federal complaint when compared to the state complaint. John McFadden
3 and the City of Benicia are newly named as defendants in plaintiff's claims under 42 U.S.C. §
4 1983, and the City of Benicia is newly named as a defendant in the federal conspiracy claim.
5 Compl. ¶¶ 23-27. Plaintiff does not, however, assert that adding these defendants insulates these
6 two causes of action from claim preclusion. Indeed, there is California authority for the
7 proposition that the party asserting claim preclusion does not have to be a party to the first
8 action. *See Bernhard*, 19 Cal. 2d at 813 (noting that "it would be unjust to permit one who has
9 had his day in court to reopen identical issues by merely switching adversaries"). Here, the
10 parties asserting claim preclusion all were parties to the first action, which is all that California's
11 claim preclusion test requires. *See Brother Records, Inc.*, 432 F.3d at 943 ("In California, a
12 judgment has res judicata effect on another case if . . . the party against whom the res judicata
13 plea was asserted was a party in the prior case."). That certain defendants were added to certain
14 causes of action when plaintiff filed his federal complaint does not change the fact that plaintiff
15 as the party against whom claim preclusion is being asserted has remained the same at all stages
16 of the litigation. *See* Compl. ¶¶ 23–27.
17    The court finds the third element of California's claim preclusion test satisfied.
18        d.    Fairness of Precluding Plaintiff's Claims
19    In his primary challenge to the application of claim preclusion, plaintiff argues he
20 was "denied a full and fair opportunity to litigate his causes of action." Opp'n at 7:1-2. Courts
21 should not afford preclusive effect to state court judgments that fail to "satisfy the minimum
22 procedural requirements of the Fourteenth Amendment's Due Process Clause," *Kremer*, 456
23 U.S. at 481, but courts also should not overlook a previous decision's preclusive nature even if
24 that decision is incorrect. *See Cal. Coastal Comm'n v. Superior Court*, 210 Cal. App. 3d 1488,
25 1501 (Ct. App. 1989) ("If a tribunal has subject matter jurisdiction in the fundamental sense, its
26 decision will be res judicata notwithstanding that the decision is incorrect."). Thus, even if the

15

1  California courts were misguided in applying the anti-SLAPP statute to plaintiff's causes of
2  action grounded in federal law, this court can only discount the claim-preclusive effects of a
3  procedurally unconstitutional final state judgment.
4      It is important to note that "no single model of procedural fairness, let alone a
5  particular form of procedure, is dictated by the Due Process Clause." *Kremer*, 456 U.S. at 483
6  (citations omitted). Generally, however, procedural due process must afford a litigant at least
7  "the opportunity to be heard," "adequate and timely notice" of the litigation, and "an effective
8  opportunity to defend by confronting any adverse witnesses and by presenting his own
9  arguments and evidence" before a neutral adjudicator. *Goldberg v. Kelly*, 397 U.S. 254, 267–68
10 (1970) (citations omitted); *see also Hesse v. Sprint Corp.*, 598 F.3d 581, 588 (9th Cir. 2010)
11 (noting that, when considering whether a class action settlement has preclusive effect,
12 "[n]ormally we will satisfy ourselves that the party received the requisite notice, opportunity to
13 be heard, and adequate representation by referencing the state court's findings"). In the due
14 process context, plaintiff argues that the state court system denied him the procedural protections
15 of due process by failing to apply federal substantive law to plaintiff's federal claims. *See* Opp'n
16 at 6:9–10:14, ECF No. 13 (asserting that California's anti-SLAPP law is a substantive immunity
17 doctrine that the California courts should not have applied to federal causes of action).
18     Nothing before the court suggests the state courts' application of the anti-SLAPP
19 statute violates the Fourteenth Amendment. Plaintiff has not demonstrated that the state courts
20 denied him "the opportunity to be heard." *Goldberg*, 397 U.S. at 267 (citations omitted). The
21 materials subject to judicial notice indicate otherwise, as "[p]laintiff appeared by and through
22 counsel" in the trial court in response to defendants' anti-SLAPP motion, Req. for Judicial
23 Notice Ex. F at 1:24, ECF No. 9-2, and again, through counsel, made a number of arguments to
24 the state appellate court that were addressed in that court's opinion. *See* Req. for Judicial Notice
25 Ex. I, ECF No. 9-3. Plaintiff was not denied the right to be heard at the state level merely
26 because his arguments there were unavailing.

1         Furthermore, without adequate notice of the pendency of the anti-SLAPP proceedings, plaintiff would have been unable to make his case as vigorously as he did. Defendants' anti-SLAPP motion was filed in the state trial court on January 31, 2008, *see* Req. for Judicial Notice Ex. C at 15:18, ECF No. 9-1, and plaintiff filed his opposition two weeks later. *See id.* Ex. D at 16:7, ECF No. 9-2. He then appealed the trial court's decision on April 9, 2008. *See id.* Ex. H at 2:10, ECF No. 9-3. In his notice of cross-appeal filed with the state trial court, plaintiff at no point indicated that lack of notice justified his appeal, *see id.* at 1:21– 2:6, ECF No. 9-3, nor does plaintiff make that argument to the court in this action. Plaintiff was not prejudiced by any lack of "adequate and timely notice" of defendants' anti-SLAPP motion at the state level. *Goldberg*, 397 U.S. at 267.

        Nor does plaintiff indicate he was denied "an effective opportunity to defend by confronting any adverse witnesses" and presenting his own evidence. *Goldberg*, 397 U.S. at 268. The documents subject to judicial notice betray no indication of any unchallenged, adverse witnesses presented by defendants against plaintiff at the state level; rather, these materials show plaintiff was given every opportunity to rebut defendants' evidence. The state trial court also "hear[d] arguments of counsel, . . . [and] thereafter took the matter under submission" before granting defendants' anti-SLAPP motion. Req. for Judicial Notice Ex. F at 1:27–2:1, ECF No. 9-2. The state appellate court's opinion also strongly implies plaintiff was afforded the opportunity to support his arguments prior to that court's handing down its ruling. *See, e.g.*, Req. for Judicial Notice Ex. I, at 9 ("Plaintiff argues the anti-SLAPP statute nevertheless does not apply to his first, second, third and seventh causes of action because 'federal civil rights claims brought in state court are not subject to anti-SLAPP protection because the statute provides absolute immunity over and above that afforded under federal law.'").

        Accordingly, the court finds no grounds upon which to rule that the state courts' adjudication of plaintiff's federal claims violated the minimum procedural protections afforded by the Fourteenth Amendment. Even if the state courts misapplied California's anti-SLAPP

17

statute to plaintiff's federal claims, this does not mean plaintiff did not have a full and fair opportunity to litigate those claims. As discussed above, the three requirements of California's claim preclusion doctrine are satisfied in this case, regardless of whether the state appellate court reached the correct conclusion about the applicability of the anti-SLAPP statute. *See Cal. Coastal Comm'n*, 210 Cal. App. 3d at 1501 ("If a tribunal has subject matter jurisdiction in the fundamental sense, its decision will be res judicata notwithstanding that the decision is incorrect."). The court cannot and will not usurp the role of the California Supreme Court to review decisions made by a California court of appeal.  Moreover, both the California Supreme Court and the United States Supreme Court have denied plaintiff's respective petitions for review and certiorari, concluding appellate review. *See* Req. for Judicial Notice Ex. J, ECF No. 9-3, *and* Req. for Judicial Notice Ex. K, ECF No. 9-3.

The court finds that plaintiff's procedural due process rights were not violated by the California courts' consideration of his claims.

III. <u>CONCLUSION</u>

For the reasons outlined above, the court holds that the doctrine of claim preclusion bars plaintiff's claims from further consideration. This finding requires the complaint to be dismissed. As a result, the court does not reach any of the other arguments made by the parties with respect to dismissal.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's first amended complaint is dismissed with prejudice; and

2. This case is closed and all dates in this matter are vacated.

DATED:  January 26, 2012.

_____
UNITED STATES DISTRICT JUDGE